Billings, Thomas P., J.
After hearing, defendant Monaco’s Motion to Dismiss is ALLOWED as to Counts I and IV, but is otherwise DENIED.
1. Although Article Two of the Uniform Commercial Code has done away with the requirement of privity with respect to warranty claims by consumer plaintiffs, G.L.c. 106, §2-318, traditional contract law still requires that the plaintiff and defendant have been in privity with one another. Counts I and IV will therefore be dismissed.
2. The Complaint pleads a defect in the “frame” which, depending where the defect is located, might bring it within either the camper frame warranty (60 months) or the chassis warranty (36 months). Count II, for breach of express warranty, is therefore not facially time-barred.
3. The express warranty counts (II, III (twice), V, VI, and VII) are subject to G.L.c. 106, §316A (“Limitation on Exclusion or Modification of Warranties”). This section provides that section 2-316 (“Exclusion or Modification of Warranties”) — which, in turn, expressly references section 2-725 (“Statute of Limitations in Contracts for Sale”) — "shall not apply to the extent provided in this section," and provides further that “(a]ny language, oral or written, used by a seller or manufacturer of consumer goods and services, which attempts to exclude or modify any implied warranties of merchantability and fitness for a particular purpose or to exclude or modify the consumer’s remedies for breach of those warranties, shall be unenforceable.” Although no Massachusetts case called to my attention has expressly addressed the point, a provision that purports to shorten Article Two’s four-year statute of limitations is plainly one “modify[ing] the consumer’s remedies for breach of [implied] warranties,” meaning that in a consumer case, section 2-316A trumps section 2-725(1), second sentence.
4. Count VIII alleges aviolation of the Magnuson-Moss Act. This federal statute, 15 U.S.C. §2301 et seq., sets minimum standards for written warranties on consumer products (though it does not require that a manufacturer or seller provide a written warranty). These standards include minimum requirements for remedies, including refund or replacement of a product without charge “after a reasonable number of attempts by the warrantor to remedy defects or malfunctions in such product.” 15 U.S.C. §2304(a)(4). Implied warranties are as provided by applicable state law, 15 U.S.C. §2301. More directly to the point for present purposes, the Act makes the breach of an express or an implied warranty a violation of federal law, for which the consumer may recover damages, costs, and reasonable attorneys fees. 15 U.S.C. §2310(d). Because the plaintiff in this case has made out claims under breach of express and implied warranties, she has also made out a claim under the Magnuson-Moss Act.

ORDER

For the foregoing reasons, defendant Monaco’s Motion to Dismiss is ALLOWED as to Counts I and IV, but otherwise DENIED.